52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Bertie BURLEY, Plaintiff-Appellant,
v.
Edward NEMETH, Sheriff, et al., Defendants-Appellees.
 No. 94-3749.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Bertie Burley, an Ohio state prisoner, appeals pro se the summary judgment for defendants in this action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Burley brought this action seeking monetary damages based on his allegation that he was unconstitutionally deprived of medical treatment for blackouts he experienced while housed at the Mahoning County jail as a pretrial detainee from September, 1991, to February, 1992. The defendants were the county sheriff, jail warden, and a doctor and nurse employed at the jail. The district court granted summary judgment to the defendants.
 
 
 4
 Upon review, we conclude that the summary judgment for defendants was proper for the reasons stated by the district court. The defendants sheriff and warden could not be held liable in this case solely on the basis of respondeat superior, and Burley made no showing that they were otherwise involved in his treatment. See Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir.1993). The remaining defendants were entitled to summary judgment because Burley failed to establish any constitutional violation on their part. He was required to show both a deprivation of a sufficiently serious nature to rise to a constitutional level and a culpable state of mind on the part of the defendants. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The record in this case showed that defendants had no basis for concluding that Burley was suffering from a serious medical problem. Construing the evidence in the light most favorable to Burley, he at most demonstrated that defendants might have made a negligent diagnosis, which is insufficient to state a constitutional claim. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation